1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| GLENN McCLOSKEY, | CASE NO: 05-CV-1377 W (AJB) |
|---|---|
| Plaintiff, | **ORDER ON DEFENDANTS'** |
| v. | **MOTIONS IN LIMINE** |
| STATE OF CALIFORNIA, et. al., | |
| Defendants. | |

This civil-rights lawsuit arises from Plaintiff's arrest for driving while under the influence of alcohol. Plaintiff contends that he suffered physical injuries during the arrest as a result of Defendants' use of excessive force.

Pending before the Court are Defendants' motions in limine to preclude the use of certain evidence and testimony at trial. The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons stated below, the Court **GRANTS** motion in limine 1 of 3 (Doc. No. 50) and motion in limine 2 of 3 (Doc. No. 51), and **DENIES** motion in limine 3 of 3 (Doc. No. 52).

## I. BACKGROUND

Plaintiff Glenn McCloskey is a retired fireman.  Defendants Eric Flynn, Armando Arriaga, Omar Morales and David Dreher are the California Highway Patrol Officers that were involved in Plaintiff's arrest.

On May 27, 2004, Officer Flynn stopped Plaintiff while traveling northbound on Interstate 5.  Plaintiff was arrested and charged with violation of Vehicle Code § 23152(a) and (b) (misdemeanor violation for driving with a .08 percent or more blood-alcohol level) and Penal Code § 148 (interfering with an officer in the performance of his duties).  Plaintiff was later convicted of driving while under the influence, but the jury was unable to reach a verdict on the later charge.

On July 7, 2005, Plaintiff filed this lawsuit against the State of California and the officers involved in the arrest.  Plaintiff alleges that during his arrest, the officers used excessive force and "slammed Plaintiff's face" on the pavement causing physical injuries.  (*Compl.*, at ¶¶ 10, 11.)  Plaintiff further alleges that while in custody, Plaintiff was forced to take a blood test, which was done improperly and resulted in additional injuries.  (*Id.* at ¶ 13.)

## II. MOTION IN LIMINE NO. 1 OF 3.

Defendants seeks to preclude lay opinion testimony of percipient witnesses Deborah Bryant and Harvey Bryant (collectively, the "Bryants").  The Bryants witnessed Plaintiffs' arrest, and during their depositions opined as to the reasonableness of Defendants' use of force.  For example, Deborah Bryant testified that Defendants' conduct was "overkill," and that they "were just a little to rough."  (*MIL 1*, at pp.2–3.) Harvey Bryant stated that "the feeling I had that it was wrong, the way the individual was being treated by the police officers."  (*Id.*)

Federal Rule of Evidence 701 allows opinion testimony by lay witnesses where the opinions are "(a) rationally based on the perception of the witness and (b) helpful to

1  a clear understanding of his testimony or the determination of a fact in issue."
2  Fed.R.Evid. 701.  This Rule, however, does not permit a lay witness to express an
3  opinion as to matters that are beyond the realm of common experience and that require
4  the special skill and knowledge of an expert.  Randolph v. Collectramatic, Inc., 590 F.2d
5  844, 846 (10th Cir. 1979).

6  Here, one of the central issues is whether Defendants used excessive force
7  during Plaintiff's arrest.  The use of force in effecting an arrest is beyond the realm of
8  common experience, and requires specialized knowledge and training on police policy
9  and practices.  U.S. v. Myers, 972 F.2d 1566, 1577 (10th Cir. 1992).  Accordingly, the
10 Court will grant Defendants' motion in limine to preclude the Bryants from opining
11 about the reasonableness of Defendants' conduct in arresting Plaintiff.

13 **III.    MOTION IN LIMINE NO. 2 OF 3.**

14 Defendants' second motion in limine seeks an order precluding any and all
15 evidence concerning the disposition of the resisting arrest charge.  Defendants contend
16 that the disposition of the resisting-arrest charge is not relevant, and thus not admissible
17 under Federal Rule of Evidence 402.  Defendants further argue that the evidence is
18 inadmissible because any probative value is outweighed by the danger of unfair
19 prejudice.  Plaintiff opposes the motion arguing that the disposition of the resisting
20 arrest charge is relevant for two reasons.

21 First, Plaintiff contends that the disposition of the charge is "relevant and
22 admissible to impeach Defendants as to their assertions that Mr. McCloskey was, in
23 fact, resisting arrest. . . ." (*Opp.'n to MIL 2*, at p.2.)  The Court disagrees.

24 "Evidence of an acquittal is not generally admissible in a subsequent civil action
25 between the same parties since it constitutes a 'negative sort of conclusion lodged in a
26 finding of failure of the prosecution to sustain the burden of proof beyond a reasonable
27 doubt.'" Borunda v. Richmond, 885 F.2d 1384, 1387 (9th Cir. 1989).  The Court
28 believes that this rule applies with even greater force in the present case where the

1 charge was dismissed because the jury could not reach a decision.  At best, the dismissal
2 suggests that the jury was conflicted about whether Plaintiff resisted arrest.  Under
3 these circumstances, the dismissal is of little probative value.  Moreover, the Court
4 agrees with Defendants' contention that evidence relating to the disposition of the
5 resisting-arrest charge is likely to lead to confusion of the issues, would unduly delay
6 trial, and could potentially prejudice Defendants.

Plaintiff next argues that the disposition of the charge is relevant to "prove money damages Plaintiff suffered by being forced to defend against the dismissed criminal charge." (*Opp.'n to MIL 2*, at p.2.)  Although Plaintiff may be allowed to recover attorneys' fees incurred in defending the resisting arrest charge, Plaintiff first must prevail on the 1983 claim.  If he prevails, the Court will revisit the issue at the damage phase.

### IV.  MOTION IN LIMINE NO. 3 OF 3.

Defendants' third motion in limine seeks to preclude "any evidence of or inquiry into Defendants' subjective motivations in effecting Plaintiff's arrest." (*MIL 3*, at p.1.)  However, Plaintiff is entitled to inquire into Defendants' reasons for initiating the traffic stop, as well as Defendants' reasons for arresting Plaintiff.  Accordingly, Defendants' motion to exclude such evidence is denied without prejudice.

### V.  CONCLUSION AND ORDER

For the reasons discussed above, the Court **HEREBY ORDERS** as follows:

1. Defendants' MIL 1 is **GRANTED**.  (Doc. No. 50.)  Plaintiff is **PRECLUDED** from eliciting testimony in any way related to Deborah Bryants' or Harvey Bryants' opinion concerning whether Defendants acted appropriately in effecting Plaintiff's arrest.

2. Defendants' MIL 2 is **GRANTED**. (Doc. No. 51.) Plaintiff is **PRECLUDED** from submitting any evidence relating to the disposition of Plaintiff's resisting arrest charge.

3. Defendants' MIL 3 is **DENIED WITHOUT PREJUDICE**. (Doc. No. 52.)

**IT IS SO ORDERED.**

DATED: September 16, 2008

_____
Hon. Thomas J. Whelan
United States District Judge